# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DON A. HOWARD, )
                   Plaintiff, )
v. ) No. CIV 09-400-FHS-SPS
BRANDI BIRCHFIELD and RANDY )
HOLLAND, )
                   Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion for plaintiff's failure to exhaust his administrative remedies. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #14], plaintiff's response [Docket #19], and the defendants' reply [Docket #25].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), who is incarcerated at Howard McLeod Correctional Center ("HMCC") in Atoka, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Brandi Birchfield and Randy Holland .[1]

---

[1] Although plaintiff fails to specify whether defendants are sued in their official or individual capacities, to the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Plaintiff alleges he has been denied dentures in violation of Department of Corrections policies and the Eighth Amendment. Plaintiff seeks injunctive relief, $500.00 in pain and suffering as well as his court costs and filing fees.

Defendants have moved for dismissal, alleging plaintiff has failed to exhaust his administrative remedies for his claim in this action. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

On May 12, 2009, plaintiff submitted a Request to Staff regarding his request for

dentures. Subsequently, on May 19, 2009, he submitted a grievance which was denied on June 3, 2009. On June 9, 2009, he submitted the appeal form, however, he failed to include the Request to Staff and grievance which were required to be submitted therewith and his grievance was therefore returned.

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident or the date of the response to the Request to Staff, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The record shows that prior to commencing this lawsuit, plaintiff did not timely and properly file an appeal to the proper individual concerning grievances filed for medical reasons. In addition, Mike Murray, Nurse Manager for DOC Medical Services, states by affidavit that the medical appellate review authority received one grievance appeal from Don Howard between February 1, and November 19, 2009, regarding his request for dentures; however, it was not submitted in accordance with the DOC grievance procedure and was returned unanswered. Plaintiff submits that the September 12, 2009, letter to Ms. McCoy was sufficient to procure the exhaustion of his administrative remedies. DOC policy

3

provides "If the inmate/offender does not follow instructions as explained in this procedure and on the grievance forms, the grievance may be returned unanswered for proper completion. If allowed, the inmate/offender must properly re-submit the grievance within ten calendar days of receipt. However, plaintiff was not permitted to resubmit his grievance.

Plaintiff further asserts that he did resubmit his appeal and did not receive a response. He attaches a letter dated September 12, 2009, which he purports evidences the re-submission. However, the affidavit of Mike Murray makes it clear that no such grievance appeal was received. Between February 1 and November 19, 2009, the medical appellate review authority received only the grievance appeal dated June 30, 2009. Even if plaintiff did resubmit his grievance to the appellate review authority, because he was not given leave to do so, the unauthorized re-submission cannot suffice to establish exhaustion of his administrative remedies. The record clearly shows plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. 1997e(a), and the deadlines have passed for pursuing his administrative remedies under DOC policy.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #14] is GRANTED, and this action is, in all respects, DISMISSED for plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED** this 21st day of January 2010.

Frank H. Seay
United States District Judge